THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HYPER SEARCH, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 17-1387 (JFB) (SRF) |
| FACEBOOK, INC., | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT FACEBOOK, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PATENT-ELIGIBLE SUBJECT MATTER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Heidi L. Keefe
Mark R. Weinstein
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Phillip Morton
Lisa F. Schwier
Naina Soni
COOLEY LLP
1299 Pennsylvania Ave. NW, #700
Washington, D.C. 20004-2446
(202) 842-7800

January 31, 2018

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
jying@mnat.com

*Attorneys for Defendant Facebook, Inc.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. CLAIM CONSTRUCTION IS NOT NECESSARY IN
THE CIRCUMSTANCES HERE TO DETERMINE PATENT INELIGIBILITY. .......... 1

III. ALICE STEP 1 – THE ASSERTED CLAIMS OF THE '219, '840,
AND '412 PATENTS ARE DIRECTED TO ABSTRACT IDEAS. ................................. 3

    A. The Asserted Claims of the '219 Patent Do Not Recite an Improvement in
Computer Functionality. ...................................................................................... 6

    B. The Asserted Claims of the '840 Patent Do Not Recite an Improvement in
Computer Functionality. ...................................................................................... 6

    C. The Asserted Claims of the '412 Patent Do Not Recite an Improvement in
Computer Functionality. ...................................................................................... 8

    D. *Alice* Step 2 – The Asserted Claims of the '219, '840, and '412 Patents Lack an
Inventive Concept. ............................................................................................... 8

IV. FACEBOOK'S ARGUMENTS REGARDING § 101 IN UNRELATED USPTO
FILINGS ARE IRRELEVANT. ..................................................................................... 10

V. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.*,
    728 F.3d 1336 (Fed. Cir. 2013) .................................................................................... 4

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    134 S. Ct. 2347 (2014) ........................................................................................ *passim*

*Apple Inc. v. Ameranth, Inc.*,
    842 F.3d 1229 (Fed. Cir. 2016) .................................................................................... 6

*ART + COM Innovationpool Gmbh, v. Google Inc.*,
    183 F. Supp. 3d 552 (D. Del. 2016) ........................................................................... 10

*Bancorp. Servs., L.L.C. v. Sun Life Assurance Co.*,
    687 F.3d 1266 (Fed. Cir. 2012) .................................................................................... 2

*Bascom Global Internet Servs. v. AT&T Mobility*,
    827 F.3d 1341 (Fed. Cir. 2016) .................................................................................... 9

*Cleveland Clinic Found. v. True Health Diag. LLC*,
    859 F.3d 1352 (Fed. Cir. 2017) ................................................................................ 1, 2

*Content Extraction & Transmission LLC v. Wells Fargo Bank*,
    776 F.3d 1343 (Fed. Cir. 2014) ................................................................................ 1, 8

*Core Wireless Licensing v. LG Elecs., Inc.*,
    No. 2016-2684, 2017-1922, 2018 WL 542672 (Fed. Cir. Jan. 25, 2018) ................. 4, 5

*DDR Holdings, LLC v. Hotels.com, L.P.*,
    773 F.3d 1245 (Fed. Cir. 2014) ................................................................................ 4, 5

*Elec. Power Grp. v. Alstom*,
    830 F.3d 1350 (Fed. Cir. 2016) .................................................................................... 7

*Enfish, LLC v. Microsoft Corp.*,
    822 F.3d 1327 (Fed. Cir. 2016) .................................................................................... 4

*Eon-Net LP v. Flagstar Bancorp*,
    653 F.3d 1314 (Fed. Cir. 2011) .................................................................................... 2

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    No. 2016-2520, 2018 WL 341882 (Fed. Cir. Jan. 10, 2018) .................................... 4, 5

*Intellectual Ventures I LLC v. Capital One Financial Corp.*,
    850 F.3d 1332 (Fed. Cir. 2015) .................................................................................... 7

*Intellectual Ventures I LLC v. Mfrs. & Traders Tr. Co.*,
 76 F. Supp. 3d 536 (D. Del. 2014) ................................................................................... 2, 3

*Intellectual Ventures I LLC v. Symantec Corp.*,
 838 F.3d 1307 (Fed. Cir. 2016) ........................................................................... 3, 7, 8, 9

*Jedi Techs., Inc. v. Spark Networks, Inc.*,
 No. 1:16-cv-1055, 2017 WL 3315279 (D. Del. Aug. 3, 2017) ............................................ 2

*Sound View Innovations, LLC v. Facebook, Inc.*,
 204 F. Supp. 3d 655 (D. Del. 2016) ................................................................................ 2, 8

*Synopsys, Inc. v. Mentor Graphics Corp.*,
 839 F.3d 1138 (Fed. Cir. 2016) ................................................................................... 3, 7, 9

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
 874 F.3d 1329 (Fed. Cir. 2017) ........................................................................................... 6

*Ultramercial, Inc. v. Hulu, LLC*,
 772 F.3d 709 (Fed. Cir. 2014) .............................................................................................. 2

*Versata Dev. Grp., Inc. v. SAP Am., Inc.*,
 793 F.3d 1306 (Fed. Cir. 2015) ............................................................................................ 3

*Zak v. Facebook, Inc.*,
 206 F. Supp. 3d 1262 (E.D. Mich. 2016) .......................................................................... 10

**Statutes & Rules**

35 U.S.C. § 101 ............................................................................................................. *passim*

35 U.S.C. § 112 ....................................................................................................................... 4

Fed. R. Civ. P. 11 .................................................................................................................... 2

**I.      INTRODUCTION**

Plaintiff's Opposition (D.I. 12, "Opp.") confirms that the claims of the patents-in-suit are not drawn to patent-eligible subject matter. Plaintiff fails to identify any alleged improvement in computer functionality or any inventive concept recited in the claims themselves that would take the claims out of the realm of abstract ideas into patent-eligible subject matter. Instead, the alleged inventions are directed to the routine, human activities of (1) creating and storing documents for public access based on templates, (2) summarizing information using graphics, and (3) providing information based on feedback, that are merely being performed on conventional computers.

Plaintiff protests that claim construction might save the claims, but tellingly fails to provide any proposed constructions, much less demonstrate how any specific proposal might make any difference to the § 101 inquiry. Regardless, claim construction would not change the result, because the patents disclose nothing more than generic structures to achieve the high-level functional aspirations reflected in the claims. The patents-in-suit thus fall squarely in line with scores of similar computer-related and Web-related patents held invalid in the wake of *Alice*.

**II.     CLAIM CONSTRUCTION IS NOT NECESSARY IN THE CIRCUMSTANCES HERE TO DETERMINE PATENT INELIGIBILITY.**

No claim construction is necessary to dispose of the patents-in-suit. The Federal Circuit has made clear that "claim construction is not an inviolable prerequisite to a validity determination under § 101," so long as the Court can discern "the basic character of the claimed subject matter." *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1349 (Fed. Cir. 2014). Accordingly, the Federal Circuit has "repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced." *Cleveland Clinic Found. v. True Health Diag. LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (citing cases). Dismissal is particularly appropriate where, as here, the asserted claims

recite "no more than 'an abstract idea garnished with accessories'" and there is "no 'reasonable construction that would bring [them] within patentable subject matter.'" *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 719 (Fed. Cir. 2014) (citation omitted).

Critically, the Court can properly ignore Plaintiff's hand-waving about *Markman* because Plaintiff "provided no proposed construction of any terms . . . that would change the § 101 analysis." *Cleveland Clinic*, 859 F.3d at 1359-60 (rejecting plaintiff's argument that "the district court should have undertaken claim construction and developed the factual and expert record before analyzing whether the claims were eligible under § 101").[1] *See also, e.g.*, *Sound View Innovations, LLC v. Facebook, Inc.*, 204 F. Supp. 3d 655, 660 (D. Del. 2016); *Jedi Techs., Inc. v. Spark Networks, Inc.*, No. 1:16-cv-1055, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017). Plaintiff cites several cases, including *Bancorp. Servs., L.L.C. v. Sun Life Assurance Co.*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012), for the proposition that claim construction is necessary prior to a § 101 analysis. Notably, however, in those cases, there was an identified "dispute" as to the proper construction because the parties offered contradictory constructions. *See id.* at 1274. Plaintiff has not offered any constructions here, and none are required.

Claim construction is equally unnecessary to the § 101 inquiry for any of the limitations that can be read as invoking means-plus-function treatment. Again, Plaintiff does not propose any claim constructions or identify any allegedly significant corresponding structures in the specification. (Opp. at 1, 10.) It is well established that the use of means-plus-function elements "does not change the [§ 101] analysis, [when] only generic computers and components are disclosed in the specification." *Intellectual Ventures I LLC v. Mfrs. & Traders Tr. Co.*, 76 F.

---

[1] Under Fed. R. Civ. P. 11, Plaintiff was obligated to undertake a "reasonable presuit investigation [that] also requires counsel to perform an objective evaluation of claim terms when reading those terms on the accused device." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1329 (Fed. Cir. 2011). Thus, Plaintiff should have had claim constructions before it filed suit and could have reasonably included any relevant positions in its Opposition.

Supp. 3d 536, 547 (D. Del. 2014). As in *Intellectual Ventures*, and as Plaintiff fails to meaningfully dispute, the specifications of the patents-in-suit describes nothing more than generic, conventional, and purely functional computer and Web components. (*See* D.I. 10 ("Motion") at 18-19.)

## III. ALICE STEP 1 – THE ASSERTED CLAIMS OF THE '219, '840, AND '412 PATENTS ARE DIRECTED TO ABSTRACT IDEAS.

Focusing on "the language of the Asserted Claims themselves" as the Court must do, *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016), the asserted claims fall squarely into the category of abstract ideas identified by controlling Federal Circuit precedent. (Motion at 8-17.) The claims recite only generic and well-known computer components (*e.g.*, servers, networks, clients, browser interfaces, web page renderers, URLs, neural network modules) operating in their conventional manner to carry out the claimed abstract ideas. (*See id.*)

Plaintiff does not directly dispute the abstractness of the ideas reflected in the claims. Instead, Plaintiff argues that the patents-in-suit are patent-eligible because their specifications allegedly tout "improvements in computer functionality." (Opp. at 3-8, 12-16, 18.) Indeed, Plaintiff spends several pages discussing how the asserted patents supposedly "overcome[]" "disadvantages of prior systems" as reflected in the patents' specifications. But critically, Plaintiff fails to tie these alleged "improvements" to specific limitations in the claims themselves or to any problems rooted only in computer technology. Any alleged improvements discussed in the specifications are irrelevant to the § 101 inquiry where, as here, "these supposed benefits are not recited in the claims at issue." *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015); *see also Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1322 (Fed. Cir. 2016) (rejecting argument that improvements described in the specification, and not in the claims, could confer eligibility); *Synopsys*, 839 F.3d at 1149 ("The § 101 inquiry must focus

3

on the language of the Asserted Claims themselves."); *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013).[2]

Plaintiff repeatedly cites *DDR Holdings* and *Enfish*, but never explains how those cases apply to the claims of the patents-in-suit here, because they do not. Those cases and others finding patent eligibility are readily distinguishable because the claims at issue in those cases, unlike the claims here, were found to claim concrete improvements to specific computer functionality or solutions rooted in problems that only existed on computers. *DDR Holdings* dealt specifically with the problem of being taken to another website by clicking on a hyperlink. *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014). This issue does not exist in the real world; for example, a visitor to a brick-and-mortar store cannot be transported to a different store. The claimed invention in *DDR Holdings* therefore was "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." *Id*. In *Enfish*, the claims were found patent-eligible because "the self-referential table recited in the claims on appeal is a specific type of data structure designed to improve the way a computer stores and retrieves data in memory." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1338-39 (Fed. Cir. 2016). None of the asserted claims at issue here recite any specific, concrete improvements to the operation of a computer itself or are rooted in computer-only technology.

The Federal Circuit's recent decisions in *Finjan* and *Core Wireless* similarly do not support the patentability of the asserted claims here. In *Finjan*, the Court upheld the subject matter eligibility of claims directed to specific computer based problems of behavior-based virus

---

[2] Plaintiff misconstrues Facebook's arguments regarding a lack of improvement in computer functionality as a § 112 enablement argument. (Opp. at 12.) Facebook's discussion of the lack of technical detail regarding *how* to achieve the claimed results is a recognition that an improvement of computer functionality is not recited, not an averment that the claims are not enabled under § 112.

scanning, which only happens on computers, because they "employ[] a new kind of file that enables a computer security system to do things it could not do before," including "accumulat[ing] and utiliz[ing] newly available, behavior-based information about potential threats." *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 2016-2520, 2018 WL 341882 at *4 (Fed. Cir. Jan. 10, 2018). In contrast to the claims here, the Federal Circuit emphasized that the *Finjan* claims described specifically "how" to achieve the claimed result by "recit[ing] specific steps—generating a security profile that identifies suspicious code and linking it to a downloadable—that accomplish the desired result." *Id.* In *Core Wireless*, the Federal Circuit upheld claims reciting an "improved user interface for computing devices." *Core Wireless Licensing v. LG Elecs., Inc.*, No. 2016-2684, 2017-1922, 2018 WL 542672 at *4 (Fed. Cir. Jan. 25, 2018). The claim recited "an application summary that can be *reached directly* from the menu" in an electronic user interface "while the one or more applications are in an *un-launched state*." *Id.* at *1 (italics in original). The problem at hand, and the claimed solution, thus did not have a real-world analogy—it was rooted in computer applications being launched, and reaching different user interface areas through an electronic menu. The claimed invention was therefore rooted in computer technology to solve a computer-specific problem, similar to *DDR Holdings*: it "recite[d] a specific improvement over prior systems, resulting in an improved user interface for electronic devices," and was "directed to an improvement in the functioning of computers." *Id.* at *4.

Again, by contrast, the claims at issue here do not recite patent eligible subject matter because they are not narrowly drawn to specific improvements in the functioning of computers or problems specifically rooted in computers, but instead broadly claim the result, without specifying "how" those results are achieved. *Finjan*, 2018 WL 341882 at *8-9.

### A. The Asserted Claims of the '219 Patent Do Not Recite an Improvement in Computer Functionality.

The '219 patent claims are merely directed to the abstract idea of storing a template, creating a document based on that template, and storing the document for access by the public. (Motion at 8-11.) This is a human problem that exists outside of the computer landscape. Beyond that, the claims recite nothing more than generic computer components and purely functional elements to accomplish real world solutions to real world problems. In response, Plaintiff fails to identify any concrete patent-eligible invention tied to the language of the claims. Instead, Plaintiff's contention that the patent "reduc[es] the time required for sending a home page" or "creat[es] a home page easily," should be disregarded, as it is not tied to the language of the claims, but rather the broad summary of the alleged invention. (Opp. at 3 (citing '219, 1:50-3:25).)

The asserted claims also do not improve the way a computer functions. In fact, the specification makes clear that if a user does not have "any special knowledge of the home page template creation process" of the claims, the user can hire a company to prepare the home page for them. ('219, 1:29-31.) Moreover, the claims of the '219 patent "do[] not sufficiently describe how to achieve" the results of creating a home page from a template "in a non-abstract way." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017). They essentially just "say 'do it on a computer.'" *Apple Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016) (citing *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014)).

### B. The Asserted Claims of the '840 Patent Do Not Recite an Improvement in Computer Functionality.

The asserted claims of the '840 patent are directed to the abstract idea of summarizing collected information using graphics or images. (Motion at 12-14.) Again, this is not a problem

6

rooted in computers, but rather one that has existed since images and words were first created. Plaintiff does not identify any concrete, patent-eligible invention set forth within the language of the claims. Instead, Plaintiff vacillates between descriptions of the alleged invention, but each of Plaintiff's arguments falls flat.

First, in a remarkably similar formulation to the abstract idea identified by Facebook, Plaintiff asserts that the '840 patent describes the alleged improvement of "making and presenting 'Thumbnails'" on a computer. (Opp. at 7; *see also id.* at 6-8.) But the word "thumbnail" does not even appear in the claims, and Plaintiff did not invent thumbnails. In fact, the patent recognizes prior art software already existed to create them. (*See, e.g.*, '840, 5:61-6:24.)

Plaintiff then attempts to argue that the '840 patent somehow improves computer technology because it "can instantaneously transport the viewer to a different location in cyber space" (Opp. at 16) and/or because it is directed to "a system that improved browser technology by creating thumbnail and other summary graphic information to accompany hyperlinks that result at the end of a search engine search." (Opp. at 8.). But Plaintiff's arguments fail because these alleged features are not set forth in the claim language. *Symantec*, 838 F.3d at 1322; *Synopsys*, 839 F.3d at 1149. Indeed, nothing in the asserted claims "transport[s] a viewer to a different location in cyber space," improves "browser technology" or provides "results at the end of a search engine search."

Although the independent claims state that they "allow[] the viewer to more easily determine content . . . without having [the] data occupy an entire computer screen," presenting information in less space is precisely the type of human activity of collecting, analyzing and displaying information that Courts have found patent-ineligible. *See, e.g., Elec. Power Grp. v. Alstom*, 830 F.3d 1350, 1351 (Fed. Cir. 2016); *Intellectual Ventures I LLC v. Capital One*

7

*Financial Corp.*, 850 F.3d 1332, 1339-40 (Fed. Cir. 2015); *see also Content Extraction*, 776 F.3d at 1347.

### C. The Asserted Claims of the '412 Patent Do Not Recite an Improvement in Computer Functionality.

The asserted claims of the '412 patent are merely directed to the abstract idea of providing information based on feedback from recipients. (Motion at 14-17.) Claims directed to providing information based on feedback have already been held patent-ineligible by this Court. *Sound View*, 204 F. Supp. 3d at 662 (invalidating claims "directed to the concept of offering more meaningful information to an individual based on his own preferences and the preferences of a group of people with whom he is in pre-defined relationships" claimed unpatentable subject matter). Plaintiff admits that the claimed system is nothing more than "delivering information that 'selects information for delivery based on indications of what subject matter a recipient is likely to find useful.'" (Opp. at 6.) Facebook's analogy of a librarian recommending books to students based on their preferences and feedback fits perfectly, just as it did in *Sound View*. (Motion at 15-16.)

Despite bald statements to the contrary, Plaintiff never explains how that claimed idea recites any improvement in computer technology. (Opp. at 14.) Plaintiff attempts to tie the alleged invention to "electronic mail filtering systems" and improving prior art "search engines" (Opp. at 5-6), but does not even attempt to link these alleged improvements to the claims, instead resorting to citations to the '412 patent's description of the prior art. (*Id.* (citing to the '412 patent, 1:16-2:6)). Those recitations in the specification are irrelevant. *Symantec*, 838 F.3d at 1322.

### D. *Alice* Step 2 – The Asserted Claims of the '219, '840, and '412 Patents Lack an Inventive Concept.

Aside from referring back to its discussions of the patent specifications and summarizing

case law, Plaintiff provides no basis for its assertion that the asserted claims claim an "inventive concept" under Step 2 of *Alice*. (Opp. at 18-20.) As discussed above, Plaintiff has failed to show how any of the purported solutions it touts were incorporated into the language of the claims themselves. Notably, Plaintiff does not dispute Facebook's extensive analysis that all of the claimed computer functionality is performed by well-known, generic computer components and processes. (Motion at 17-20.) Plaintiff's recitation of the problems acknowledged by the specifications of the patents-in-suit is not enough to prove an inventive concept because those problems were not directly addressed in the claims. *Symantec*, 838 F.3d at 1322; *see also Synopsys*, 839 F.3d at 1149 ("The § 101 inquiry must focus on the language of the Asserted Claims themselves.").

Despite devoting several pages to a review of cases where the Federal Circuit and other courts have found inventive concepts, Plaintiff fails to show how the analysis in those cases is applicable to the patents-in-suit. (*See* Opp. at 18-20 (discussing—but not applying—cases).) With respect to Plaintiff's reliance on *Bascom*, the court there found the claimed idea of filtering Internet content to be *per se* abstract, but held that the claimed invention at issue in that case passed Step 2 of *Alice* on the record before that at that time court because it claimed a "particular arrangement" of a "prior art filter solution (one-size-fits-all filter at the ISP server) and ma[de] it more dynamic and efficient (providing individualized filtering at the ISP server)" resulting in a claimed "software-based invention[] that improve[s] the performance of the computer system itself." *Bascom Global Internet Servs. v. AT&T Mobility*, 827 F.3d 1341, 1351 (Fed. Cir. 2016). In contrast, here, Plaintiff makes no effort to show how any of the admittedly prior elements are particularly arranged in the claimed inventions such that they improve the performance of the computer itself, because they do not.

9

Plaintiff's citations to *Zak* and *ART+COM* are similarly inapposite, because the district courts in both those cases found that while the purported inventions claimed abstract ideas, the claims were patent eligible because they claimed concrete improvements to specific computer functionality or solutions rooted in problems that only existed on computers. *ART+COM Innovationpool Gmbh, v. Google Inc.*, 183 F. Supp. 3d 552, 559-60 (D. Del. 2016); *Zak v. Facebook, Inc.*, 206 F. Supp. 3d 1262, 1272-73 (E.D. Mich. 2016). Plaintiff here does not identify any concrete improvements to specific computer functionality or solutions rooted in problems that only existed on computers, but instead just generically alleges, without support, that "each of the asserted claims is directed to solving a computer-related problem." (Opp. at 20).

The simple truth is that Plaintiff failed to show an inventive concept set forth in any of the asserted claims, because there is none.

## IV. FACEBOOK'S ARGUMENTS REGARDING § 101 IN UNRELATED USPTO FILINGS ARE IRRELEVANT.

Finally, the assertions made by Facebook during the prosecution of an unrelated Facebook patent application have no bearing whatsoever on the present motion. (*Cf.* Opp. at 20.) Plaintiff fails to cite any legal or factual basis for its assertion that Facebook should be "estopped" from challenging the patent-eligibility of the patents-in-suit.

## V. CONCLUSION

The patents-in-suit are invalid because they are directed to abstract ideas and the asserted claims lack any inventive concept sufficient to confer patent eligibility. Nothing in the asserted claims is directed to any improvement to computer functionality itself and the claims do not provide a computer-centric solution to a computer-centric problem. Accordingly, Facebook's Motion to Dismiss should be granted.

| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| OF COUNSEL: | */s/ Karen Jacobs* |
| Heidi L. Keefe<br>Mark R. Weinstein<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>(650) 843-5000 | Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Jennifer Ying (#5550)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>kjacobs@mnat.com<br>jying@mnat.com |
| Phillip Morton<br>Lisa F. Schwier<br>Naina Soni<br>COOLEY LLP<br>1299 Pennsylvania Ave. NW, #700<br>Washington, D.C. 20004-2446<br>(202) 842-7800 | *Attorneys for Defendant Facebook, Inc.* |

January 31, 2018